The facts are stated in the opinion, by DANNEHOWER, J., of the court below, as follows:
This case comes before the court on a non-resident property-owner's petition and rule granted thereon to set aside service of a bill in equity brought by Lower Merion Township against resident tenants and the non-resident-owner to restrain and prohibit defendants from using and occupying certain premises for multiple dwelling purposes, contrary to the Zoning Ordinance and the terms of a written agreement.
The bill avers that the premises in question, 34 Derwen Road, is located in an R-3 residence district of the township. Under the terms of the Township Ordinance of 1927, as amended, such premises may not be used for multiple residence or apartment purposes. However, on July 1, 1946, in order to help ease the housing shortage, *Page 150 
the Township and Gladys M. Storey, the then-legal-owner, and Irene Berger, the then-equitable-owner, entered into an agreement which permitted its use as an apartment building for two years. At the end of that time, it was agreed that the premises would revert to single family occupancy. This agreement was duly recorded in the office of the Recorder of Deeds, Montgomery County.
The present owner of these premises, 34 Derwen Road, Inc., a Pennsylvania corporation with principal office at 123 S. Broad Street, Philadelphia, has continued to maintain the building as an apartment despite the expiration of the agreement and after written notice.
In compliance with the Act of April 6, 1859, P. L. 387, as amended, 12 PS 1254, the plaintiff filed a motion for leave to serve the corporate defendant at its place of business in Philadelphia, asserting that such service was proper under the Act of 1859 because this court had jurisdiction over the principal defendants, the tenants in the premises. An appropriate order was entered pursuant to this motion, and a copy of the complaint was handed to Richard I. Rubin, the corporation's secretary, at its legal place of business, 123 S. Broad St., Philadelphia, Pa.
The Act of 1859, as amended, provides:
". . . it shall be lawful for any court of this commonwealth having equity jurisdiction, upon the special motion of the plaintiff or plaintiffs, in any suit in equity which has been or shall be instituted therein, concerning goods, chattels, lands, tenements, or hereditaments, . . . or where the courthave acquired jurisdiction of the subject matter incontroversy, by the service of its process on one or more ofthe principal defendants, to order and direct that any subpœna, subpœnas, or other process to be had in such suit, be served upon any defendant or defendants therein, then residing or being out of *Page 151 
the jurisdiction of such court, wherever he, she, or they may reside or be found . . ."
The defendant, 34 Derwen Road, Inc., moved to set aside the alleged service on the grounds that this court has no jurisdiction. Defendant contends that within the meaning of the Act of 1859, the tenants are not principal defendants and that this court has not acquired jurisdiction over the subject matter in controversy.
A principal defendant within the meaning of this section is one who has an interest in the controversy, and whose presence is required for a complete or partial adjudication: Bird v.Sleppy, 265 Pa. 295 (1919).
It would seem tenants are principal defendants where the use of property is the subject of a suit. Except as rights are reserved by the lessor in his lease, the tenant is the owner. His possession cannot be disturbed during the term, even by the landlord himself. The tenant's interest is paramount, while the landlord has only his reserved rights and his reversion. Moreover, a proceeding to enforce a zoning regulation is directed primarily against the land itself and the use of land and incidentally against the owner.
In a case such as this where there would be no violation of the restriction and hence no suit if there were no tenants, the tenants assume an even more important position than otherwise might be afforded them. It is their continued occupation and use of the land which constitutes the violation of the zoning law, and if they are forced to move, they will be more than casually interested. If there is a valid defense to this action, the tenants have a right to assert it, no matter what position the owner takes.
So long as the lease continues, the landlord cannot oust a tenant. He has bargained away his right to immediate possession. A decree against the owner would be of little value without a decree against the tenants. It would leave enforcement in the hands of the landlord *Page 152 
whose reluctance to enforce the law is apparent. The tenants are active parties, vitally interested in the matter in controversy. Their presence is essential to a proper adjudication, and they are not passive parties joined as a matter of legal formality.
Although we have not been able to find any cases which deal with this point, we feel that as between landlord and tenant, in the enforcement of a zoning ordinance and the use of land, the tenant is a principal defendant.
If the contentions of the defendant, 34 Derwen Road, Inc., were correct and a resident of California owned this property, Lower Merion would have to bring suit in California to enforce its zoning ordinances. That would be imposing an unreasonable burden on the township, and put non-resident owners in a position to violate zoning laws with comparative safety.
And now, January 12, 1949, for the foregoing reasons, defendants' rule upon plaintiff to show cause why the alleged service upon the secretary of the defendant corporation should not be set aside and declared null and void, is hereby discharged. Said service is effective and confers jurisdiction upon this court.
Defendants appealed.
The decree is affirmed on the opinion of Judge DANNEHOWER. Costs to be paid by the appellant. *Page 153