Lower Merion Township *v.* 34 Derwen Road, Inc.,
Appellant.

Argued April 12, 1951. Before STERN, STEARNE,
JONES, BELL, LADNER and CHIDSEY, JJ.

*Benjamin H. Hellman,* with him *Raymond Pearlstine,* for appellants.

*John E. Forsythe,* Township Solicitor, with him
*Edmund B. Spaeth, Jr.,* and *Wright, Mauck, Hawes &
Spencer,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May
21, 1951:

This appeal is from a decree of the Court of Common Pleas of Montgomery County restraining defend-

ants from violating a zoning ordinance and an agreement with Lower Merion Township of that county.

Appellant, 34 Derwen Road, Incorporated, is the present owner of the real estate, while the additional named appellants are the tenants and occupants. The dwelling consists of a large mansion house with a garage.

Under the terms of the Township Zoning Ordinance of 1927 there was a prohibition against the use of the premises for multiple residence or apartment purposes. On application the Superintendent of Building Inspection ruled that the use of the property as a permissive non-conforming use was proper. On appeal the Board of Adjustment reversed this ruling whereupon appellant's predecessor in title appealed to the Court of Common Pleas of Montgomery County.

The learned chancellor found as a fact: "On July 1, 1946, the plaintiff township entered into a written agreement under seal with Gladys M. Storey, the then legal owner of the premises, and Irene Berger, the then equitable owner thereof, that in consideration of the withdrawal of her appeal, plaintiff would permit the premises to be used as a multiple dwelling for two years from July 1, 1946, provided that any apartment vacated before the two year period, should remain vacant, and should not be re-leased after eighteen months from the date of the agreement; and further provided that at the end of the two year period the premises should revert to a single family dwelling or use permitted by plaintiff's Zoning Ordinances in R-3 Residence District.

"This written agreement of July 1, 1946, was made binding on the heirs, executors, administrators, successors and assigns of the parties, and was duly recorded on August 3, 1946, in the office for the recording of deeds in and for the County of Montgomery, Pa., in Deed Book No. 1758, page 179.

"After the execution and recording of this agreement of July 1, 1946, counsel for Gladys M. Storey withdrew her appeal."

The effect of the withdrawal of the appeal and the execution and recording of the agreement concluded any further controversy. From and immediately after July 1, 1948 (i. e. conclusion of the two year period) the use of the premises was illegal. Despite this, appellants continued to occupy the premises for multiple or apartment purposes: see one feature of this protracted litigation reported in 362 Pa. 149, 66 A. 2d 293.

Appellants make numerous contentions all of which were correctly disposed of by the court below and need not be further considered herein. Appellants now maintain as an additional reason for continuing the occupancy that the action of the township will circumvent the National Housing and Rent Act of 1947 (infra) in that it would decrease the number of apartment units in this building. We do not agree. The use of this building as a multiple dwelling constituted an illegal use of the premises. It was illegal *prior to the enactment of the National Housing and Rent Act of 1947*. The township could have then prohibited appellants from so using the premises for multiple dwelling purposes. In addition the Housing and Rent Act of 1947 provides (61 Stat. 197, 50 U. S. C. Supp. II, 1894 (d)) that the Housing Expediter is authorized to issue such regulations as he deems necessary to enforce the Act. Section 825.6 (2) of the regulations provides that a tenant can be removed if, "Under the local law, the tenant . . . (ii) is using or permitting a use of such housing accommodations for an immoral or illegal purpose." See also 61 Stat. 200, 50 U. S. C. Supp. II sec. 1899 (a) (1) (B).

Decree affirmed at appellants' cost.