Commonwealth *v.* Smoker, Appellant.

Argued November 15, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT and ERVIN, JJ. (WOODSIDE, J., absent).

*Charles W. Eaby* and *W. Hensel Brown,* for appellant.

*Elmer T. Bolla,* Deputy Attorney General, with him *William C. Storb,* District Attorney, *Anthony R. Appel,* Solicitor, and *Frank F. Truscott,* Attorney General, for appellee.

OPINION BY GUNTHER, J., January 14, 1955:

Samuel L. Smoker, defendant, was convicted for violating the provisions of the Public School Code of March 10, 1949, P. L. 30. He is the father of Mervin Smoker who was assigned to the elementary school in Leacock Township, Lancaster County, Pennsylvania. The testimony disclosed that defendant refused his son attendance to school because of religious belief which prevents parents of the Amish faith from sending their children to school after they attain the age of fourteen and have completed the eighth grade of

public school. Mervin finished eighth grade and was over fourteen years of age.

On or about December 29, 1953, defendant filed with the Secretary of the School District of the above township an application for a farm work permit for Mervin on the ground that it was necessary for him to be at home to help with the work, and to assist in taking care of defendant's sick father. The permit, with the Secretary's approval, was sent to the Superintendent of Public Instruction of the Commonwealth of Pennsylvania. On January 6, 1954, permit was refused on the ground that there was an older son available for the purposes requested in the application.

It is contended that compulsory school attendance as applied here is contrary to the First and Fourteenth Amendments of the United States Constitution and Article I, Section 3, Constitution of Pennsylvania in respect to the guarantees of religious freedom. This question has already been decided by this Court in *Commonwealth v. Beiler*, 168 Pa. Superior Ct. 462, 79 A. 2d 134. The *Beiler* case likewise involved Amish defendants with children who had completed the eighth grade and attained the age of fourteen. We held that the Public School Code was not violative of our Constitution and that decisions of the United States Supreme Court were clear on the issue and determined the matter. We adhere to our decision and to the reasoning so lucidly set forth by Judge RENO in the *Beiler* case.

Defendant also contends that he is not guilty because his son should have been granted a work permit. Section 1330 of the Public School Code, 24 PS §13-1330, provides for exemption from compulsory school attendance if a child is fourteen years old, has completed the eighth grade, and has received a work permit. Pursuant to the Code, the Superintendent of Public In-

struction issued Rules and Regulations pertaining to work permits. These Regulations provide that a permit be issued only where the child's family is "in dire financial circumstances." The Superintendent refused a permit to defendant's son because of an absence of a showing of dire financial circumstances. There is no merit to defendant's contention that these Regulations are unreasonable and arbitrary and an attempt by the Superintendent to legislate. The Superintendent of Public Instruction as an administrative officer, may properly be invested with a reasonable amount of discretion in determining individual fact situations and in issuing rules to govern his administration. *Weaverland Independent School District Case,* 378 Pa. 449, 106 A. 2d 812. The Public School Code is obviously intended to require school attendance up to a certain age. However, the legislature recognized that strict compliance with such requirement could work hardship in certain cases. Hence, Section 1330 provides for some exemptions based on age and engagement in farm or domestic work on permits issued "in accordance with regulations which the Superintendent of Public Instruction is hereby authorized to prescribe." The Regulations promulgated pursuant to the Code, in requiring "dire financial circumstances" before a work permit shall issue, are reasonable in that they recognize and uphold the basic purpose of the Code in requiring school attendance. Undue hardship to a given family is an eminently reasonable restriction to the approval of an exemption. To issue permits merely on the convenience of a family or because of a different religious belief would result in subversion of the intent of the legislature in requiring school attendance. It follows that the permit was properly refused in this case, pursuant to Regulations promulgated in accordance with the law.

Judgment of sentence affirmed and it is ordered that appellant appear in the court below at such time as he may be there called for compliance with the sentence.

WOODSIDE, J., did not participate in the consideration or decision of this appeal.