## Ehrhardt v. Packard Motor Car Co., Inc.

*H. M. Biglan*, for plaintiff.

*Welles & Mackie*, for defendant.

ROBINSON, J., February 15, 1956. — The current technicality before us in this seemingly unending and fruitless litigation presents but a narrow question. We have previously pointed out (Ehrhardt v. Packard Motor Car Co., 56 Lack. Jur. 89) the difficulties inherent in the case as they relate to the problem of venue. The matter is here on plaintiff's preliminary objections to defendant's preliminary objections to the amended complaint.

Plaintiff herein filed an amended complaint on April 18, 1955, to which defendant objected preliminarily on April 22, 1955, raising questions of venue. While these objections were pending, defendant, on October 28, 1955, with leave of court, filed additional preliminary objections supplementing those already filed. Plaintiff in turn filed preliminary objections alleging a violation of Pa. R. C. P. 1028(*b*).

Rule 1028(*b*) provides that: "All preliminary objections shall be raised at one time . . ." and under rule 1032 all objections not presented are deemed to be waived. This, however, does not preclude a party from asserting an objection after filing but before argument or decision on the questions raised by the entire group of preliminary objections. Rule 1028(*b*) was designed to reduce all aspects of attacks on pleadings to a single step in which every question must be raised. After decision it is clear no additional objections may be made, but before argument or decision a party may amend his preliminary objections in the manner provided for the amendment of pleadings.

The preliminary objection is a pleading and is subject to the rights of amendment afforded by Pa. R. C. P. 1033. This rule allows a party by consent or leave of court to amend his pleading at any time. An amendment of a preliminary objection before decision by the court does not violate the intendment of the Rules of Civil Procedure that all preliminary objections must be considered and disposed of in a single step. Here defendant, by leave of court, was entitled to file supplemental preliminary objections by way of amendment and there being no adjudication the matter was still within the single step contemplated by the rules.

Now, February 15, 1956, plaintiff's preliminary objections to defendant's preliminary objections to the complaint are overruled. Exceptions allowed plaintiff.