## Spaid Appeal.

Argued March 26, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*K. L. Shirk, Sr.,* with him *George C. Xakellis* and *Shirk & Shirk,* for appellants.

*J. Marlin Shreiner,* for appellees.

OPINION BY WRIGHT, J., July 17, 1956:

On September 26, 1955, an action of mandamus was instituted to compel the proper school officials of the Warwick Union School District to issue a general employment certificate to Evelyn Mae Mellinger. Preliminary objections were filed, and the parties subsequently agreed upon a statement of facts in the nature of a case stated. After oral argument, the court below directed the issuance of the certificate. This appeal followed.

The question involved may be thus stated: In the case of a child who has attained the age of sixteen years and has met all of the statutory requirements, does a local school district have discretion in the issuance of a general employment certificate, or is the issuance of such certificate mandatory.

According to the stipulation, Evelyn Mae Mellinger was born August 22, 1939, and is presently between

sixteen and seventeen years of age. She has completed the tenth grade in school. An application for a general employment certificate was filed in proper form, having thereto attached the required proof of age, promise of employment, parent's consent, and record of physical examination. The application was refused because it did not come within the work permit policy adopted by the school district, which reads as follows: "Children are to attend school until their 17th birthday before they may be issued a work permit. Exceptions: 1. If their 17th birthday falls within the school year they may be issued the permit before the opening of school. 2. If the parent lives on a farm and farms it himself and he needs his child's help, a farm permit may be issued to the child if he is 16 years of age. 3. If a farm parent needs his child for short periods of time an emergency farm permit may be issued to 15-year-olds for short periods of time only or for longer periods at the discretion of the Board. 4. If parents can prove that they need the child's assistance to support the family, the Board may issue a work permit to 16-year-olds."

The Public School Code sets forth, Act of March 10, 1949, P. L. 30, section 1326, 24 PS §13-1326, that school attendance is compulsory until the age of seventeen years unless the child holds a certificate of graduation from a regularly accredited senior high school. However, section 1330 of the Code (24 PS §13-1330) provides that the compulsory attendance requirement shall not apply to any child who "(1) Has attained the age of sixteen (16) years, and who is regularly engaged in any useful and lawful employment or service during the time the public schools are in session, and who holds an employment certificate issued according to law; (2) Has been . . . found to be unable to profit from further public school attendance, and who has

been reported to the board of school directors and excused, in accordance with regulations prescribed by the State Council of Education; (3) Has attained the age of fifteen (15) years and is engaged in farm work or domestic service in a private home on a permit issued . . . in accordance with regulations which the Superintendent of Public Instruction is hereby authorized to prescribe; (4) Has attained the age of fourteen (14) years and is engaged in farm work or domestic service in a private home on a permit issued as provided in clause (3) of this section, and who has satisfactorily completed, either in public or private schools, the equivalent of the highest grade of the elementary school organization prevailing in the public schools of the district in which he resides, if . . . the reason therefor has been approved by the Superintendent of Public Instruction; (5) . . . resides two miles or more by the nearest public highway from any public school in session and no proper free transportation is furnished to such child to and from school".

The issuance of employment certificates is regulated by the Act of May 13, 1915, P. L. 286, 43 PS 41 et seq. The pertinent provisions are sections 8 to 18 (43 PS 49-60). Briefly summarized, the statute requires employers of children under eighteen to procure and keep on file an employment certificate which "shall" be issued only by certain school officials, and application for which must be made by the parent, guardian or legal custodian of the child. Employment certificates are of two classes, general and vacation. A general employment certificate entitles a child sixteen to eighteen years of age to work during the entire year. The official authorized "shall not" issue the certificate until he has received, examined, approved and filed certain enumerated papers, all of which have been duly presented in the case at bar. The employer must ac-

knowledge the receipt of the employment certificate and return it upon termination of the employment. A child whose employment certificate has been thus returned "shall" be entitled to a new employment certificate, if proper request is made. The forms for the employment certificates are to be supplied by the State Superintendent of Public Instruction.

Our consideration of the two statutes in question, and they are in pari materia,[1] leads us to the conclusion that they evidence a policy on the part of the legislature to promote uniformity throughout the Commonwealth. First considering the Public School Code, subparagraphs 2, 3, and 4 of section 1330 refer to regulations prescribed, respectively, by the State Council of Education and the Superintendent of Public Instruction. It is significant that this exercise of discretion by the issuance of regulations is conferred at the state level. See *Commonwealth v. Smoker,* 177 Pa. Superior Ct. 435, 110 A. 2d 740. On the other hand, subparagraph 1, which refers to a child of sixteen years holding an employment certificate, does not provide for the exercise of any discretion in the issuance thereof, certainly not on the part of the local school board.

Turning to the Act of 1915, the language used negatives any intention to permit discretionary interpretation by local school officials. The word "shall" is used throughout the statute, and it is generally to be regarded as imperative. See *Kuzmen v. Kamien,* 139 Pa. Superior Ct. 538, 12 A. 2d 471. Specifically, it is apparent that the several sections above summarized use the word "shall" in the mandatory sense. The conditions under which employment certificates are to be issued are carefully prescribed, and when these condi-

---

[1] See Section 62 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS 562.

tions are complied with, the certificate "shall" be issued.

Our conclusion is that the Legislature did not intend to give local school districts discretionary power to withhold a general employment certificate in the case of a sixteen year old child who has met the statutory requirements. To hold otherwise would destroy the uniformity throughout the Commonwealth which we believe the Legislature intended. We agree with the court below "that the directors of the Warwick Union School District were acting beyond the scope of their authority when they enunciated a work permit policy applying to children over sixteen years of age".

Judgment affirmed.

