## Mellinger v. Warwick Union School District

*J. Marlin Shreiner*, for plaintiff.
*Shirk & Shirk*, for defendants.

JOHNSTONE, J., April 5, 1957.—This is an action of mandamus in which plaintiff asks that defendants be directed to issue a general employment certificate and to pay damages for loss of earning by reason of having willfully, arbitrarily and contrary to law refused to issue the certificate. After preliminary objections were filed by defendants, counsel for the parties entered into a stipulation providing for the filing of a formal application for a work certificate by plaintiff within 10 days and providing further that if the application be refused, a further stipulation would be entered into and treated as a case stated with the same effect as though the application had been filed prior to the institution of this action. The second stipulation was duly entered into, after the formal application was filed and refused, in which the parties framed an issue concerning the discretion and right of defendants to refuse to issue a work certificate to plaintiff who had attained the age of 16 and desired employment in industry.

This court decided, in an opinion filed December 22, 1955, by Burkholder, J., that the provisions of the Public School Code of March 10, 1949, P. L. 30, relating to employment certificates are mandatory and that defendants had no authority to adopt a work permit policy contrary to those provisions. Accordingly, G. Marlin Spaid, Supervising Principal of the Warwick Union School District, was directed to issue a work permit to plaintiff. An appeal from this order was taken to the Superior Court and that court, in Spaid Appeal, 181 Pa. Superior Ct. 162, opinion by Judge Wright, affirmed the judgment. This disposes of that part of the action relating to the refusal to grant a work certificate but leaves the claim for damage undetermined.

Defendants were permitted to file amended preliminary objections over the objection of plaintiff. We will not consider any objections which relate to the refusal

to grant a work certificate for that question has been determined. However, under the rules of civil procedure, preliminary objections are a pleading and may be amended by leave of court at any time before argument: Ehrhardt v. Packard Motor Car Co., Inc., 7 D. & C. 2d 233.

The amended preliminary objections fall into two classes, one group attacks the joinder of the school directors as parties to this action, and the second group of objections are in the nature of a motion for a more specific complaint. The position taken by defendants in objections 4 and 5 is that the law authorizes the supervising principal to issue work certificates, and the school directors have no authority to control or interfere with the granting of such certificates. Under the Child Labor Law of May 13, 1915, P. L. 286, sec. 9, 43 PS §50, the supervising principal of a school district, provided there is such an official, is the person designated and authorized to issue work certificates. In the present case the school director defendants have taken it upon themselves to enter this field and have adopted a work permit policy for the guidance of their employe, the supervising principal. He, being an employe, followed the instructions of his superiors and refused to grant the requested permit because applicant was excluded under the work permit policy. While it was the supervising principal who refused the permit, actually it was the action of the school directors which resulted in the denial to plaintiff of a permit to work. Having assumed authority which was not rightfully theirs, if there is any liability to plaintiff for damages suffered by reason of her not being able to work, the party responsible for the loss would be the party who caused the loss. This conclusion follows the closing statement of Judge Wright in his opinion where he states: "We agree with the court below

that the directors of the Warwick Union School District were acting beyond the scope of their authority when they enunciated a work permit policy applying to children over sixteen years of age'." Unquestionably the school directors were proper parties to the mandamus action so far as the refusal to grant a work permit is concerned, since school districts can only act through their directors. However, if there is any liability to plaintiff for her loss of wages, it would be the liability of the school district and not of the school directors. Since the school directors were proper parties for one purpose of this action, we do not consider it proper to remove them as defendants at this stage of the proceeding even though the liability, if any exists, is that of the school district.

The second group of objections include numbers 2, 3, 6, 7, 8, 9, 10, 11, 12 and 13 and all are in the nature of a motion for a more specific complaint. In the opinion of the court, the second objection is not well taken since paragraph 6 of the complaint avers facts in accordance with rule 1019 (c). The claim for damages is not based on a writing, and rule 1019 (h) is not applicable. It is true as stated in the third objection that no date is averred as to when the application for a work certificate was filed. This should have been done in order to comply with the provisions of rule 1019 (f). Objections 6, 7, 8, 9 and 10 all relate to the failure to perform certain conditions prior to or at the time of filing the application for a work certificate. Paragraph 6 of the complaint states that plaintiff complied with all the prerequisites of the law and that is sufficient according to rule 1019 (c). Objections 11, 12 and 13 are sustained since the complaint does not state the damages specifically as required by rule 1019 (f), and defendants are in no position to answer paragraph 8 of the complaint. Some of the necessary information to

establish plaintiff's claim to damages and the amount of the claim is contained in one or both of the stipulations signed by the parties prior to the disposition of the first part of this action. However, the stipulations are not a pleading as contemplated by the Rules of Civil Procedure and the complaint should contain all necessary information in order to establish plaintiff's cause of action.

One question has not been raised in the preliminary objections, which in the opinion of the court is vital to the claim for damages, and that is whether the school district would be liable for damages, assuming plaintiff has suffered a loss by reason of the action of the school directors. This question cannot be decided at this stage of the proceeding since it is not before the court and defendant is now precluded from raising it in preliminary objections by rule 1017(b-4). The same question can, however, be raised in defendant's answer by a motion for judgment on the pleadings after an answer is filed, or by a motion for nonsuit or a directed verdict at the trial. Since the decision in Ford v. Kendall Borough School District, 121 Pa. 543, our appellate courts have consistently held that a school district is a State agency, performing governmental functions, and while acting within the legitimate scope of these duties, is, generally speaking, not liable for its torts. The liability or nonliability depends upon the capacity in which the school district was acting, and no claim for compensatory damages for an injury resulting from misconduct or negligence can be maintained when the school district is engaged in administering its governmental or administrative functions. In the present case, the school directors were unquestionably engaged in the administration of school affairs when they wrongfully denied plaintiff a work permit and the school district would not be liable for any resulting

loss. A case very closely in point is Paul Heating and Specialty Co. v. Logan Township School District, 18 D. & C. 409.

And now, April 5, 1957, for the reasons herein stated, certain of the defendants' preliminary objections are sustained and plaintiff is granted leave to file an amended complaint within 20 days after this date.