Lesavoy Industries, Inc. *v.* Pennsylvania General Paper Corp.,
Appellant.

Argued April 18, 1961. Before Jones, C. J., Bell, Musmanno, Jones, Cohen, Bok and Eagen, JJ.

*Harold E. Kohn,* with him *Dilworth, Paxson, Kalish, Kohn & Dilks,* for appellants.

*W. Edward Greenwood,* with him *Gawthrop & Greenwood,* and *Groman and Rapoport,* for appellee.

OPINION BY MR. JUSTICE COHEN, June 2, 1961:

This is an appeal by defendants Pennsylvania General Paper Corporation and Arthur Price from a decree of the Court of Common Pleas of Chester County dismissing defendants' objections to the jurisdiction of the court.

The complaint alleges the following: The plaintiff, Lesavoy Industries, Inc., is a Pennsylvania corporation. Defendant corporation is a Pennsylvania corporation with its place of business in Chester County, Pennsylvania. Defendant Price is and has been at all material times a resident of the State of New York.

Lawrence Lesavoy, the owner of all the issued and outstanding stock of plaintiff corporation, executed and delivered to Allen Daniels a general power of attorney appointing him his attorney-in-fact or agent. Plaintiff corporation was the owner of fifty shares of stock of defendant corporation, which constituted all of the outstanding and issued stock of the defendant corporation.

Daniels acting as attorney-in-fact for Lesavoy entered into an agreement with Price, whereby for certain considerations Price was to receive twenty-six shares (52%) of the stock of the defendant corporation and Lesavoy was to cause a certificate for such stock to be issued in the name of Price. While admitting the form and contents of this agreement, plaintiff corporation

contends that it did not give power of attorney to Lesavoy (its sole shareholder) or to Daniels to enter into this agreement.

On July 31, 1953, a stock certificate representing twenty-six shares of stock was issued to Price. This certificate has been in his or his assignee's possession in New York from the date of issue to the present time. On the same date a certificate representing the remaining twenty-four shares (48%) was issued to Daniels, endorsed by him and delivered to Price and has been in the actual physical possession of Price in New York from the time of delivery to the present date.

On September 28, 1953 the board of directors of plaintiff corporation passed a resolution approving and ratifying the agreement between Daniels and Price. Plaintiff admits that said resolution was adopted but contends that it was void because the board of directors had no authority to enact the resolution.

The action was commenced in Chester County, Pennsylvania and service was made on defendant corporation at its place of business in Chester County. A copy of the complaint was served on defendant Price in New York.

Plaintiff asked the court to declare null and void the transfer of shares from defendant corporation to Price and that the defendant corporation be ordered to reassign and retransfer to plaintiff the shares of stock.

Preliminary objections were filed and, on March 23, 1959, the court ordered them stricken from the record since the objections raising the question of jurisdiction and venue were not before the court in the form of a petition and answer as required by Pa. R.C.P. 206-209 inclusive. The defendants were given leave to plead over. Defendants then filed a petition for a rule to show cause why the preliminary objections should not

be amended. The court thereafter allowed the amendment and preliminary objections raising the question of jurisdiction and venue were filed. Following argument thereon defendant was allowed to file further amended preliminary objections.

Defendants' final preliminary objections raised the question of jurisdiction and venue contending that (a) defendant Price is the principal defendant and he was not served in Chester County (or indeed in the Commonwealth); and (b) the property which is the subject matter of the action is not located within Chester County. On November 3, 1960 the court below entered a decree overruling these preliminary objections. This appeal was filed on November 15, 1960.

Plaintiff, citing Goodrich-Amram §1028(d)-1; *Mellinger v. Warwick Union School District*, 10 Pa. D. & C. 2d 192 (1957), and *Ehrhardt v. Packard Motor Car Co., Inc.*, 7 Pa. D. & C. 2d 233 (1956), argues that preliminary objections cannot be amended after argument and decision of the court and therefore defendants' failure to appeal the order of March 23, 1959 within fifteen days pursuant to the Act of March 5, 1925, P.L. 23, §3, 12 PS §674, subjected the defendants to the jurisdiction of the court. The plaintiff has correctly stated a general rule of law but that rule is inapplicable to this case since the court below, in its order of March 23, 1959, did not render a decision on the merits of the preliminary objections but simply ruled that the form of the pleadings was incorrect. The case at bar is therefore readily distinguishable from *Pennsylvania Coal Company v. Luzerne County*, 390 Pa. 143, 134 A. 2d 657 (1957), and *Busillo v. Silvers*, 10 Pa. D. & C. 2d 344 (1956), where, in each instance, the lower court ruled on the merits of preliminary objections concerning jurisdiction and ruled again on the same question of jurisdiction raised by preliminary objections to an amended complaint.

Thus we reach the merits of this appeal. Defendant Price contends that the service upon him in New York was improper and that he is not subject to the jurisdiction of the court. Service upon a party may be made extra-territorially pursuant to Pa. R.C.P. 1504(b) if a principal defendant has been served within the county in which the action is commenced or if the subject matter of the action is property within the jurisdiction of the court.

The court below ruled defendant Pennsylvania Paper Corporation was such a "principal defendant" and, under that finding, extra-territorial service on Price would be permissible. A principal defendant is one who has an interest in the controversy presented by the complaint and whose presence is requisite to the complete or partial adjudication of the controversy. *Lower Merion Township v. 34 Derwen Road, Inc.,* 362 Pa. 149, 151, 66 A. 2d 293 (1949). The lower court, in order to support its finding that the defendant corporation was a principal defendant, ruled that the plaintiff had alleged a proper cause of action against the defendant corporation on the theory that the defendant corporation breached its duty to protect its stockholder from an unauthorized transfer of shares.

It is generally accepted that a corporation owes its shareholders the duty to protect them from fraudulent transfers. *Pennsylvania Company v. Franklin Fire Ins. Co.,* 181 Pa. 40, 37 Atl. 191 (1897) ; *Egan v. United Gas Improvement Company,* 319 Pa. 17, 178 Atl. 683 (1935). A corporation also owes its shareholders a duty to protect them from unauthorized transfers. See 12 Fletcher, Cyclopedia Corporations, Section 5537.1 (rev. vol. 1957). This court impliedly recognized such a duty where a corporation had been informed in advance of conflicting claims to the stock in question. *Leff v. N. Kaufman's, Inc.,* 342 Pa. 342, 20 A. 2d 786 (1941). We need not now decide if this duty extends

beyond cases involving forgeries or notice to the corporation of irregularities, since here a wholly owned subsidiary relied upon a general power of attorney given to an agent by the parent corporation's sole shareholder. There can be no greater justification for a finding that the agent was clothed, at least, with apparent authority, thus effectuating an estoppel against the principal (plaintiff corporation). Cf. *Greene v. Nash,* 85 Me. 148, 26 Atl. 1114 (1892); 12 Fletcher, Cyclopedia Corporations, Sections 5544, 5562 (rev. vol. 1957); Restatement (2d), Agency, §§27, 31 (1958).

Plaintiff has failed to allege a cause of action against the defendant corporation and thus that defendant is only a passive party in a dispute between two claimants to the same stock. As such the defendant corporation is not a principal defendant. See *Gallagher v. Rogan,* 322 Pa. 315, 185 Atl. 707 (1936); *Montgomery Trust Company v. Pennsylvania Railroad Company,* 25 Pa. D. & C. 203 (1935).

Since a principal defendant was not served in Chester County we must now examine the second criterion for extra-territorial service, i.e., whether the subject matter of the action is property within the jurisdiction of the court. The situs of the stock in question is determined by the Uniform Stock Transfer Act (now embodied in the Uniform Commercial Code (12A P.S. §8-101)), the policy of which is to make the certificate represent the shares of stock. See *Mills v. Jacobs,* 333 Pa. 231, 4 A. 2d 152 (1939).

In *Crane v. Crane,* 373 Pa. 1, 95 A. 2d 199 (1953), this court did consider the situs of stock to be that of the corporation and permitted an action against the corporation to transfer shares on its books. However, such actions will be permitted only where the outstanding certificates are either seized, surrendered or their transfer enjoined (See Restatement, Conflict of Laws, §§53 and 104) unless it is unnecessary to enjoin trans-

fer; e.g., the defendant cannot convey title of the certificate without the joinder of the attaching creditor. See *Crane v. Crane,* supra. It is admitted that the outstanding shares in this case are located in New York and that they have not been seized or surrendered nor their transfer enjoined. We must therefore find that property which is the subject matter of the action is not within the jurisdiction of the court below.

Extra-territorial service upon Price, failing to qualify under either of the criteria set forth in Pa. R.C.P. 1504(b), was unauthorized and ineffectual to subject him to the jurisdiction of the court below.

Decree reversed.

Mr. Justice MUSMANNO dissents.