## Snyder v. Rhoad, Jr.

*Roger N. Nanovic* of *Nanovic & McKinley,* for plaintiff.

*John P. Lavelle, Mark H. Scoblionco* and *Harry A. Kitey,* for defendants.

HEIMBACH, P. J., December 29, 1970.—Plaintiff in her complaint says she is a resident of Pen Argyl, Northampton County, Pa., and defendants are residents of Allentown, Pa., and Torrance, Calif., respectively. For many years, and while a resident of Palmerton, Carbon County, Pa., she was the sole owner of seven stock certificates representing 276 shares of the First National Bank of Palmerton, of the present value of $27,600, purchased with her own funds. To escape the payment of inheritance taxes, the bank, at her request, reissued four certificates in her name and Benjamin H. Rhoad, as joint tenants with right of survivorship and not as tenants in common, and three certificates in her name and Kathleen Nancy Albright, as joint tenants with the right of survivorship and not as tenants in common. The transaction took place in Palmerton. She further states that she did not intend making a gift of such certificates to defendants during her lifetime, and that no gift was effected, since there was no delivery of the certificates to them, and such certificates have at all times been on deposit in the First National Bank of Palmerton [1] and under her control and custody.

Her prayer requests a court order directing and requiring defendants to relinquish all right, title and interest in such share certificates, so that they may be reissued to plaintiff by the First National Bank of Palmerton. In the alternative, she seeks a partition of such property.

---

[1] The joint tenant share certificates are now on deposit in the Mauch Chunk Trust Company, Jim Thorpe, Carbon County, Pa., as security for a loan made to plaintiff.

Defendants filed identical preliminary objections. We set forth those of defendant Benjamin H. Rhoad, Jr.:

"I. Motion to dismiss for lack of proper venue.

"1. Plaintiff has failed to bring her action in a proper county pursuant to the provisions of Pennsylvania Rule of Civil Procedure 1503(a).

"II. Motion to dismiss for lack of jurisdiction.

"2. Plaintiff has failed to bring suit in a forum which has proper jurisdiction of the defendants in the action.

"3. Plaintiff has failed to accomplish proper service of process on defendant BENJAMIN H. RHOAD, JR. and the Court therefore lacks jurisdiction over his person.

"III. Petition to dismiss the Complaint for lack of standing to sue.

"4. Plaintiff has no standing to obtain the relief requested in Count Two of the Complaint.

"5. Plaintiff has no standing to obtain the equitable relief requested in Count One of the Complaint since she has an adequate remedy at law.

"IV. Petition to dismiss for misjoinder of a cause of action.

"6. Plaintiff has improperly joined her causes of action in the complaint.

"V. Demurrer.

"7. Plaintiff has failed to set forth a valid claim for relief in Count One of her Complaint.

"8. Plaintiff has failed to set forth a claim in Count One on which equitable relief can be predicated.

"VI. Laches.

"9. Plaintiff's claim is barred on account of laches.

"VII. Motion to dismiss for failure to join an indispensable party.

"10. Plaintiff has failed to join Mauch Chunk Trust Company as a party in these proceedings and defendant avers on information and belief that said Mauch Chunk Trust Company is an indispensable party to these proceedings."

Service of the complaint was made by deputized service on defendant Benjamin H. Rhoad, Jr., at his home in Allentown, Lehigh County, Pa.

Defendants, inter alia, say, since plaintiff, if successful, would need a decree of court ordering them to relinquish any and all right, title and interest in such stock certificates (plaintiff's prayer, supra) the action is one in personam and not in rem, and Pa. R. C. P. 1503, is controlling, citing Atlantic Seaboard Natural Gas Co. v. Whitten, 315 Pa. 529. In accord, Lesavoy Industries, Inc. v. Pennsylvania General Paper Co., 404 Pa. 161, 171 A. 2d 148, and Conley-Irwin Corp. v. Reiter, 413 Pa. 213, 196 A. 2d 300. Such rule provides:

". . . an action may be brought in and only in a county in which

"(1) the defendant or a principal defendant may be served, or

"(2) the property or a part of the property which is the subject matter of the action is located, but a judgment, order or decree shall not bind a defendant personally unless he is served within the county. . ."

Plaintiff answers that such rule is not controlling and makes reference to Rule 2076 which defines "action" to mean any civil action or proceeding at law or in equity brought in or appealed to any court, and to Rule 1501 which provides:

"Except as otherwise provided in this chapter the procedure in an action in equity shall be in accordance with the rules relating to the action of assumpsit."

Assumpsit Rule 1006(a) provides:

". . . an action against an individual may be brought . . . in a county . . . in which the cause of action arose, or where a transaction or occurrence took place out of which the cause of action arose, . . ."

She asserts that Carbon County does have jurisdiction under such rule because the transaction or the occurrence out of which the cause of action arose took place in Carbon County, and that service was had on defendants under Rule 1009(e), which provides:

"(e) When an action is commenced against an individual in a county in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose or in any other county authorized by law, or is brought against two or more defendants under Rule 1006(c),[2] the plaintiff shall have the right of service in any other county by having the sheriff of the county in which the action was commenced deputize the sheriff of the other county where service may be had."

She further says that Carbon County likewise has jurisdiction under Rule 1503(a)(2), supra, since the stock certificates are physically located in Carbon County, and inherent equitable powers of the court will enable it to enter a proper decree without violating that part of the rule that prohibits a decree or order binding defendants personally.

Notwithstanding plaintiff's ingenious argument, we are not persuaded that any venue rule other than Rule 1503 is applicable in the present proceedings. Obviously, there is no remedy in the situation com-

---

[2] Rule 1006 (c).

"An action to enforce a joint or joint and several liability against two or more defendants, except actions in which the Commonwealth is a party defendant, may be brought against all defendants in any county in which the venue may be laid against any one of the defendants under the general rules of subdivisions (a) or (b)."

plained of by plaintiff available to her on the law side of the court.

Plaintiff chooses to ignore that part of Rule 1501 in contending that assumpsit Rule 1006 is applicable, which provides:

*"except as otherwise provided in this chapter,"* (Italics supplied.)

This phrase precedes the phrase "shall be in accordance with the rules relating to the action of assumpsit."

Rule 129 provides:

"The title or heading of a rule may be considered in the construction thereof. Provisos shall be construed to limit rather than to extend the operation of the clauses to which they refer. Exceptions expressed in a rule shall be construed to exclude all others. The title or headings prefixed to chapters of rules shall not be considered to control but may be used in the construction of such rules."

The title or heading of Rule 1503 is "Action in Equity." Rule 127(b) provides:

"(b) Every rule shall be construed, if possible, to give effect to all its provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."

Thus, Rule 1503, being explicit in its terms and expressly made applicable to actions in equity, forecloses the applicability of any other venue rules in equity actions.

The question then we are to answer is whether plaintiff has brought herself within the provisions of such rule. We hold she has not.

Admittedly, personal service has not been made on either of defendants: Rule 1503(a)(1), supra. Nor has plaintiff brought herself under the provisions of

Rule 1503(a)(2). Where only ownership of stock is involved, the situs of such stock is at the domicile of the owner (Gallagher v. Rogan, 322 Pa. 315, 319, 185 A.2d 707) in this case Northampton County. Since she alleges residence in Northampton County in her complaint,[3] we consider such residence as her domicile.

It is our view that the only order or decree that a court could enter, should plaintiff be successful in her action, would be one that would compel defendants to transfer their interest in the shares of stock to plaintiff. Thus, the proceeding is in personam, and a finding as requested that the situs of the certificates is in Carbon County would be of no benefit to plaintiff.

In finding that the situs of the stock is in Northampton County, this disposes of any consideration of plaintiff's partition request, since we are without jurisdiction to act.

For the foregoing reasons, we need not consider defendants' additional exceptions.

We enter the following

### ORDER

Now, to wit, December 29, 1970, defendants' preliminary objections treated in this opinion are sustained. Those not dismissed have not been acted upon as being unnecessary.

Wherefore, plaintiff's complaint, unless withdrawn, will be certified to Lehigh County Common Pleas Court pursuant to Rule 1006(c), or to a county of plaintiff's choice pursuant to Rule 1006(d) upon petition within 20 days from the date hereof.

Costs on plaintiff.

---

[3] Plaintiff in her brief says: "Since selling her house in Palmerton, Carbon County, she has stayed at various places, and is at the present time boarding at RD No. 1 Penn Argyl, Northampton County."