## Lyle v. Davis

Before Brosky and Colbert, *JJ*.

*Walter J. Phillips*, for plaintiff.
*Bryan Campbell* and *Charles R. Reis*, for defendants.

COLBERT, *J.*, January 12, 1978—This matter comes before the court en banc on the preliminary objections of defendant, P. Glen Moyer, to the equity complaint filed on behalf of plaintiff. The relevant facts leading to the filing of preliminary objections are as follows. Defendant Moyer is the counsel for other named defendants in this lawsuit and resides and conducts his law practice in Montgomery County, Pa.

Pursuant to an agreement of sale for 15.5 acres of land, $10,000 hand money from a prospective buyer was allegedly held in escrow by attorney Moyer. A closing was held in Allegheny County on September 30, 1977, at which time difficulties arose over 3.635 acres thereof and the balance of the proceeds of sale, in the amount of $63,413.06, was deposited in the Fort Pitt Federal Savings and Loan Association in Pittsburgh, Pa., until matters could be resolved. Plaintiff avers that she is entitled to both the proceeds held in Allegheny County and to the hand money held by defendant Moyer in Montgomery County. Plaintiff prayed that defendant Moyer be ordered to pay the $10,000 to her, plus interest, since he was alleged to be the escrow agent of said moneys. The instant preliminary objections were filed to this request.

The thrust of defendant's preliminary objections is jurisdictional in that it is argued that plaintiff lacks subject matter jurisdiction over the moneys

held in Montgomery County, that there is no personal jurisdiction over defendant, a Montgomery County resident, and that venue is improper.

The questions raised concerning equity jurisdiction over an individual residing out of the county where an action is brought are governed by Pa.R.C.P. 1504(b) which states:

"(b) If one of the principal defendants has been served within the county in which the action is commenced or if the subject matter of the action is property within the jurisdiction of the court, the plaintiff shall have the right of service upon a defendant (1) in any other county by having a competent adult serve the defendant within the time and in the manner provided for the service of a writ of summons in an action of assumpsit or by having the sheriff of the county in which the action was commenced deputize the sheriff of the other county where service may be had."

In the case before us, two of the principal defendants, Daniel and Barbara Meinert,[1] do reside in Allegheny County, and as will be discussed, infra, a great percentage of the subject matter is real and personal property within the direct jurisdiction of the Allegheny County courts. We have no doubt that plaintiff has the right of service upon defendant Glen Moyer and that service was properly perfected in accordance with Pa.R.C.P. 1504.

---

1. A principal defendant is one who has an interest in the controversy presented by the complaint and whose presence is requisite to the complete or partial adjudication of the controversy: Lesavoy Industries, Inc. v. Pennsylvania General Paper Corp., 404 Pa. 161, 171 A. 2d 148 (1961). The Meinerts satisfy these criteria.

The questions raised concerning equity jurisdiction over the subject matter of this lawsuit and proper venue are governed by Pa.R.C.P. 1503(a) which states:

"(a) Except as otherwise provided by an Act of Assembly, Rule of the Supreme Court or by subdivision (b), (c), or (d), an action may be brought in and only in a county in which (1) the defendant or a principal defendant may be served, or (2) the property or a part of the property which is the subject matter of the action is located, but a judgment, order or decree shall not bind a defendant personally unless he is served within the county, or within the Commonwealth in conformity with Rule 1504(b), or unless he appears or otherwise submits himself to the jurisdiction of the court."

The subject matter of this action consists of the remaining 3.635 acres of real estate located in Allegheny County, $63,413.06 deposited in an Allegheny County bank and $10,000 in Montgomery County. Accordingly, this court feels this action was properly brought in Allegheny County under Pa.R.C.P. 1503(a)(2); see supra. Moreover, Rule 1503(a)(1) is also grounds for venue in that, as stated above, a principal defendant has been served in Allegheny County.

This court has jurisdiction over the funds located in Montgomery County. This is very clearly set forth in 5 Goodrich-Amram 2d §1503(a):2:

"Subdivision (a) of Rule 1503 permits venue, and by inference, therefore, *authorizes the court to enter a decree in rem affecting the whole property whenever 'a part of the property' is situated within the county.* It need not be a major part of the property or even a substantial part. It is sufficient if any portion of the property is within the

county in which the court is sitting." (Emphasis supplied.)

Plaintiff's complaint alleges rights "in rem" against the funds escrowed in Montgomery County, that is, an actual property interest in the funds. Since the money is part of an Allegheny County real estate transaction, this court may assume jurisdiction over all of the property.

Defendant also argues by way of demurrer that the factual allegations fail to state a cause of action against him and that if he is a proper defendant, defendants Meinerts and himself were misjoined in this lawsuit.

Morrisville-Falls Development Corp. v. City Title Insurance Co., 42 D. & C. 2d 378 (1967), is very analogous to the problem here. In the Morrisville case, defendant buyer authorized and directed City Title to make distribution in accordance with the settlement figures. The buyer, following his signing and approval of the settlement figures, unilaterally directed City Title to withhold the money. The equity complaint, as in the instant case, sought a decree directing the title insurance company to pay the money being held to plaintiffs.

It was argued that City Title was not an active party in the case but rather a passive agent of the buyer. The court rejected this premise and decided that, jurisdictionally, City Title was a principal defendant, stating at p. 382: "However, if it can be shown at trial that City Title is liable to plaintiffs for the nonpayment of the funds, it should be more than obvious that City Title has a deep enough interest to warrant its inclusion as a principal defendant." The court believes that a cause of action has been stated against defendant P. Glen Moyer.

There is really no merit to the objection that de-

fendant has been improperly joined in this lawsuit. In equity, as in all civil matters, the doctrine remains that all persons materially interested in the subject matter or result of a suit are to be made parties.

For the above stated reasons, the preliminary objections of defendant P. Glen Moyer will be dismissed in that all parties and subject matter are properly before this court.

## ORDER

And now, January 12, 1979, after argument and upon consideration of the pleadings, it is hereby ordered, adjudged and decreed that the preliminary objections of defendant P. Glen Moyer be dismissed.