# Black et al., Appellants, *v.* Eastern Pennsylvania Railways Co.

*Negligence—Statute of limitations—Suit of husband for injuries to wife—Act of June 24, 1895, P. L. 236.*

The right of a husband to maintain a suit for personal injuries sustained by his wife is barred after two years by the provisions of the Act of June 24, 1895, P. L. 236.

Argued Feb. 12, 1917. Appeal, No. 254, Jan. T., 1916, by plaintiffs, from judgment of C. P. Schuylkill Co., Sept. Term, 1913, No. 53, in case of Eliza J. Black and Edward Black v. Eastern Pennsylvania Railways Company. Before Brown, C. J., Mestrezat, Potter, Frazer and Walling, JJ. Affirmed.

Trespass to recover damages for personal injuries.

The facts appear in the following opinion by Bechtel, P. J.:

This case was argued before the court in banc on a rule to strike off the nonsuit entered by the trial judge. It presents but one question, which is rather unique. The suit was an action of trespass brought by Eliza J. Black and Edward Black, her husband, against the defendant for injuries sustained by Eliza Black, on the 28th day of July, 1908. The suit was brought in September, 1913. It is admitted by counsel for the plaintiff that the right of Eliza J. Black to sue has been barred by the statute of limitation of June 24, 1895, P. L. 236, but contended that the right of the husband to maintain the suit is not barred, by reason of the fact that he has six years in which to bring his action, in accordance with the provisions of the Act of March 27, 1713, 1 Sm. L. 76.

The Act of 1895, P. L. 236, Sec. 2, provides, inter alia:

"Every suit hereafter brought to recover damages for injury wrongfully done to the person, in cases where the injury does not result in death, must be brought within two years from the time when the injury was done, and not afterwards; in cases where the injury does result in death the limitation of action shall remain as now established by law."

We have been unable to find any decision of the higher courts in this State in which this question has been definitely decided. The Act of 1895, supra, has, however been construed a number of times.

In the case of Peterson et al. v. Delaware River Ferry Co. of New Jersey, 190 Pa. 364, the court say (p. 365):

"The Act of 1895 as held in the case referred to is a general act in the nature of a statute of limitation. Its terms are general and make no exceptions in favor of persons under disability. The settled rule is that infants as well as all others are bound by the provisions of such statutes."

In Rodebaugh v. Philadelphia Traction Co., 190 Pa. 358, it was said (362):

"The words of the Act of 1895 are general, and there is nothing to indicate that they were not intended to establish a general rule applicable to all cases within their terms, to wit, every suit to recover damages for injury wrongfully done to the person."

There are a number of other decisions to the same effect.

The Act of May 8, 1895, P. L. 54, provides that the right of action in case of injury done to the person of the wife shall be tried both for the husband and the wife in one suit, and provides for the rendition of verdicts for each of them, and also contemplates a verdict in favor of one and against the other; and it is therefore contended by counsel for the plaintiff that the husband's rights are not affected by the statute of limitations of 1895, supra. The contention of counsel for the plaintiff is that the husband's right of action is not for injuries to his person, and that therefore it is not governed by the Act of 1895. We cannot agree with this contention. The act does not say for injuries wrongfully done to his person, but for injuries wrongfully done to the person. The suit in question is certainly based upon injuries wrongfully done to the person, the person of plaintiff's wife. It is difficult to understand how one suit should be maintained by both of these plaintiffs, founded on the one cause of action, and that cause of action be barred by the statute of limitations, and yet the one plaintiff be permitted to recover.

We feel that it was the evident intention of the legislature to bar all actions for injuries done to the person after two years. This is the plain language of the act.

We are, therefore, of the opinion that the nonsuit was properly entered.

The trial judge entered a compulsory nonsuit, which the court in banc subsequently refused to take off. Plaintiffs appealed.

*Error assigned* was in refusing to take off the nonsuit.

*John O. Ulrich,* for appellants.

*Otto E. Farquhar,* with him *C. E. Berger,* for appellee.

PER CURIAM, March 19, 1917:

The Act of 1895 clearly barred the right of either of the plaintiffs to recover in this action, brought more than five years after the injuries to the wife were sustained, and the judgment is affirmed on the opinion of the learned court below refusing to take off the nonsuit.

Judgment affirmed.