## Jones, Admrx., *v.* Unguriet, Appellant.

Argued January 5, 1950. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

reargument refused March 20, 1950.

*Ben R. Jones, Jr.,* with him *Davis R. Hobbs, Gloria P. Thomas* and *Bedford, Waller, Jones & Darling,* for appellant.

*R. W. Trembath,* for appellee.

OPINION BY MR. JUSTICE JONES, February 7, 1950:

The plaintiff sued as administratrix of her deceased husband's estate for damages for his wrongful death due, as the complaint avers, to negligence of the defendant. The latter filed preliminary objections questioning the court's jurisdiction of the action. The factual grounds for the attack, as shown by the petition accompanying the objections, were that the plaintiff's decedent was an employee of the defendant and that he was acting in the course of his employment at the time of the accident which caused his death. The defendant accordingly contended that his liability in the premises was for the payment of workmen's compensation and that, by like token, the court was without jurisdiction of the trespass action pleaded by the plaintiff. The learned court below overruled the objections with leave to the defendant to answer over; but, the defendant appealed. Be that as it may, the decision is not presently reviewable; the appeal was taken out of time and must, therefore, be quashed.

When Rule 1017 (b) (1) of the Pennsylvania Rules of Civil Procedure (354 Pa. xxxvi) made preliminary objections an available pleading for the purpose of raising a jurisdictional question, Sections 1 and 2 of the Act of March 5, 1925, P. L. 23, 12 PS §672 et seq., which had theretofore provided the appropriate procedure, were at the same time suspended except insofar as they confer the right to appeal from a decision on a jurisdictional question: see Rule 1451 (b) (7), 354 Pa. lxxxiv. Such right is conferred by Section 1 of the Act of 1925 which, by its terms, makes the right to appeal the same as in cases of final judgments, while Section 3, which was un-

affected by the Rules of Civil Procedure and remains in full force, provides that the appeal allowed by Section 1, ". . . must be taken and perfected within fifteen days from the date when the decision [on a jurisdictional question] is rendered. . . ." Nor is there any way by which the statutorily prescribed period for appeal may be judicially extended or obviated. In the present instance, the record shows that the appeal was taken and perfected more than fifteen days after the decision appealed from had been rendered. The appeal is therefore quashed.

Appeal quashed.