## Busillo v. Silvers

*Alexander Osinoff* and *Norman Shigon*, for plaintiff.
*William A. Robbins*, for defendants.

BROWN, P. J., April 30, 1956.—This action in assumpsit was brought against defendants, Arthur Silvers and Dolores Silvers, husband and wife, to recover certain sums alleged to be due under a written agreement executed by plaintiff, Nicholas A. Busillo, and husband-defendant. The agreement provided for the release, publication and sale of a musical composition entitled "Learnin' the Blues", which was written by wife-defendant. In the complaint, it was alleged

that husband-defendant was acting as agent for his wife as well as on his own behalf in executing the written contract. According to the sheriff's return, service was made upon husband-defendant by handing personally to him a true and attested copy of the complaint, and upon wife-defendant by handing a true and attested copy of the complaint to her husband, at 22nd and Walnut Streets, Philadelphia.

Four preliminary objections were filed by defendants to the complaint. Preliminary objection 1 averred that defendants reside in Delaware County, and since service upon wife-defendant was made by leaving a copy of the complaint with her husband at his place of employment in Philadelphia, service upon the wife was improper and "should be stricken". Objections 2 and 3 were based on the failure of plaintiff to attach a copy of all of the written contracts relied upon for recovery, and the failure to state whether or not the ratification of or agreement to the terms of the contract by wife-defendant was written or oral. Preliminary objection 4 alleged that the court had no jurisdiction of the action.

An answer to the preliminary objections was filed by plaintiff. In answer to objection 1, it was averred that: "The manner of service is admitted. This is proper service as to Dolores 'Vicki' Silvers inasmuch as she is not only wife of Arthur Silvers but is his partner and service on one partner is service upon all partners." In the answer, as to objections 2 and 3, it was alleged that the applicable and pertinent contractual agreement was appended to the complaint, and that wife-defendant ratified the agreement by accepting the proceeds of benefits of the agreement. The answer to objection 4 was defendants' failure to state why the court has no jurisdiction. On February 2, 1956, preliminary objections 1 and 4, which had to do with the service upon wife-defendant and with the

jurisdiction of the court, were overruled by the court in banc; preliminary objections 2 and 3 were sustained, and leave was given to file an amended complaint within 20 days.

An amended complaint was filed by plaintiff in accordance with and pursuant to the ruling of the court. Defendants again filed preliminary objections. The first objection averred, in practically the same words, the same jurisdictional ground asserted in preliminary objection 1 to the original complaint, and the second alleged a misjoinder of causes of action. In plaintiff's answer to these preliminary objections to the amended complaint, it was pointed out that the first objection had already been dismissed by the court when it ruled on defendants' preliminary objections to the original complaint, and that the second objection was without merit. On April 10, 1956, both preliminary objections were overruled, and leave was given defendants to plead over within 20 days.

An appeal was taken on April 18, 1956, only by wife-defendant and solely on the question of jurisdiction, and so it is deemed unnecessary to discuss the matters involved in the other preliminary objections filed by both defendants.

A preliminary objection raising a question of jurisdiction is a *petition* under the provisions of Pa. R. C. P. 1017(b) (1), and so an answer thereto, as authorized by Pa. R. C. P. 1017(a), is appropriate. Accordingly, the procedure set forth in Pa. R. C. P. 209 (a) and (b) relating to petitions and answers, becomes effective. In accordance therewith, when no depositions are taken, as in the present case, "all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted". The practice under Pa. R. C. P. 1017(b) (1) follows that under the Act of March 5, 1925, P. L. 23, 12 PS §672 et seq., which authorized the raising of the question of juris-

diction over a defendant by a petition. Thus, in Kelly v. International Clay Products Co., 291 Pa. 383, 385, where defendant filed a petition praying that service be set aside, plaintiff filed an answer, and "defendant elected to have the matter disposed of upon petition and answer, without the taking of testimony", as in the instant case, it was held: "Under such circumstances, we are required to determine only the relevant issues raised by the petition and answer, and, in doing so, must accept as true the pertinent facts set forth in the answer, and reject those which are alleged in the petition but are denied by the answer."

Therefore, in the absence of testimony, the averment in plaintiff's answer to defendants' preliminary objection 1 to the original complaint that wife-defendant "is not only wife of [husband-defendant] but is his partner" was required to be deemed to have been admitted in determining the question of jurisdiction, that is, whether wife-defendant had been properly served. Considering or regarding wife-defendant and husband-defendant as partners, service upon him was proper and effective also as to her: Pa. R. C. P. 2131. Hence, defendants' preliminary objections 1 and 4 to the original complaint, raising the question of jurisdiction, were overruled.

Notwithstanding the decision rendered on the question of jurisdiction, subsequently defendants filed a preliminary objection to the amended complaint again raising this identical question for the same reason stated in practically the same words as in preliminary objection 1 to the original complaint. In plaintiff's answer thereto, it was properly pointed out that this question had already been decided by the court when it had ruled on this objection to the original complaint.

"All preliminary objections shall be raised at one time. They may be inconsistent. Two or more preliminary objections may be raised in one pleading": Pa.

R. C. P. 1028 (*b*). In the present case, defendants' preliminary objections to the original complaint were inconsistent, and while two of the objections were sustained and leave was given to file an amended complaint, these objections had no bearing on the question of jurisdiction of the person of wife-defendant, and service upon her was not involved in the filing of the amended complaint. Indeed, it was the validity of the service of the *original* complaint which was again raised by defendants in their preliminary objection to the *amended* complaint. There seems to be no sound reason to allow parties to raise an identical issue that had previously been decided against them merely because it had been combined with other matters decided in their favor. There certainly would have been no opportunity for defendants to have again raised the question of the propriety of the service of the original complaint on wife-defendant had they been required to plead over to the merits of the case at the time of the decision on their preliminary objections to the original complaint. Surely, they should not be afforded such opportunity because they were not required to proceed to the merits for entirely different reasons. It does not appear that any such course is sanctioned by the provisions of the Pennsylvania Rules of Civil Procedure.

"When Rule 1017 (b) (1) of the Pennsylvania Rules of Civil Procedure (354 Pa. xxxvi) made preliminary objections an available pleading for the purpose of raising a jurisdictional question, Sections 1 and 2 of the Act of March 5, 1925, P. L. 23, 12 PS §672 et seq., which had theretofore provided the appropriate procedure, were at the same time suspended except insofar as they confer the right to appeal from a decision on a jurisdictional question: see Rule 1451 (b) (7), 354 Pa. lxxxiv. Such right is conferred by Section 1 of the Act of 1925 which, by its terms, makes the right to appeal

the same as in cases of final judgments, while Section 3, which was unaffected by the Rules of Civil Procedure and remains in full force, provides that the appeal allowed by Section 1, '. . . must be taken and perfected within fifteen days from the date when the decision [on a jurisdictional question] is rendered. . . .' Nor is there any way by which the statutorily prescribed period for appeal may be judicially extended or obviated": Jones v. Unguriet, 364 Pa. 200, 201-202.

"Notwithstanding that the order entered by the court [overruling defendants' preliminary objections to the original complaint] was interlocutory, it was appealable, nonetheless, because disposition was thereby made of the jurisdictional question raised by the [first and fourth objections]. Preliminary objections now afford the appropriate procedure for raising a question of jurisdiction: Rule 1017(b) (1). That rule replaced the Act of March 5, 1925, P. L. 23, 12 PS §672, except for the Act's provisions respecting appeals to the Supreme or Superior Courts, as the case might be. Thus, Section 3 of the Act of 1925, which is still in force, requires that an appeal from a decision on a question of jurisdiction be taken and perfected within fifteen days from the date when the decision is rendered and further provides that a failure to appeal within the time specified shall be deemed a waiver of all objections to jurisdiction over the defendant personally": Thomas v. McLean, 365 Pa. 526, 528.

As set forth above, the order overruling defendants' preliminary objections 1 and 4 to the original complaint, which raised the question of jurisdiction over wife-defendant personally, was entered by the court on February 2, 1956, and since no appeal was taken "within fifteen days from the date when the decision [was] rendered", the court was required, in determining defendants' preliminary objection to the amended complaint, raising the identical question of the pro-

priety of the service of the original complaint on wife-defendant, which was not filed until March 16, 1956, six weeks after the court's decision on the same question of jurisdiction, to comply with the provision of section 3 of the Act of March 5, 1925, supra, that "failure to appeal within the time specified will be deemed a waiver of all objections to jurisdiction over [wife-defendant] personally." While an appeal was taken on April 18, 1956, and thus within 15 days from April 10, 1956, the date of the decision of the court overruling defendants' preliminary objection to the amended complaint raising the identical jurisdictional question previously decided, there is, as pointed out in Jones v. Unguriet, supra, 202, not "any way by which the statutorily prescribed period for appeal may be judicially extended or obviated." It follows, necessarily, that at the time when defendants filed preliminary objections to the amended complaint, it was too late to raise the question of jurisdiction over wife-defendant personally by reason of improper service of the original complaint. Therefore, defendants' preliminary objection to the amended complaint, raising the question of jurisdiction, was overruled, and leave was given to plead over within 20 days.