Pennsylvania Coal Company *v.* Luzerne County, Appellant.

Argued April 15, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*Thomas E. Brislin*, Assistant County Solicitor, with him *John E. Morris, Jr.*, County Solicitor, and *Philip V. Mattes*, Associate Counsel, for appellant.

*James P. Harris, Jr.*, with him *James P. Harris, J. Frank Connolly, Morris Gelb* and *Warren, Hill, Henkelman & McMenamin*, for appellees.

OPINION BY MR. CHIEF JUSTICE JONES, September 30, 1957:

This appeal, which was taken under the Act of March 5, 1925, P. L. 23, 12 PS §672, to obtain review of the lower court's assumption of jurisdiction of the subject matter, must be quashed as having been taken out of time.

The Act of 1925, supra, expressly ordains that "The appeal here provided for must be taken and perfected within fifteen days from the date when the decision is

rendered." This requirement is mandatory and admits of no exceptions: *Thomas v. McLean*, 365 Pa. 526, 528, 76 A. 2d 413; *Jones, Admrx. v. Unguriet*, 364 Pa. 200, 202, 71 A. 2d 240; *Schmehl v. Mellinger*, 325 Pa. 487, 489, 191 A. 62; *Fidelity-Philadelphia Trust Co. v. Berkin*, 299 Pa. 196, 198, 149 A. 470; *Specktor v. Hanover Fire Ins. Co.*, 295 Pa. 390, 392, 145 A. 430; *Polakoff v. Marchand College of Chiropractic et al.*, 287 Pa. 28, 30, 134 A. 529.

The undisputed facts show that the decision on jurisdiction, whereof the appellant now complains, was rendered well over a year before this appeal was taken. Indeed, the jurisdictional question urged for review on this appeal was not even raised in the court below when the preliminary objections, which subsequently evoked the adjudication from which this appeal purports to have been taken, were heard and disposed of.

On February 9, 1954, the plaintiff coal companies filed their joint complaint in the Court of Common Pleas of Luzerne County against that county and the County of Lackawanna seeking injunctive relief or, in the alternative, damages against the defendant counties on the ground that the defendants, in constructing and maintaining a common airport, collected and discharged surface waters in such a manner as to flood the plaintiffs' coal mines. The airport had been constructed in 1945 and 1946 on land lying athwart a common boundary of the defendant counties which had been acquired by the counties in 1945 in an exercise of their power of eminent domain. Since the construction of the airport, it has been operated by the defendant counties jointly under a contract between them.

Both defendants filed preliminary objections to the plaintiffs' complaint. However, before a decision thereon was had, the plaintiffs, with permission of the court, filed an amended complaint, the principal effect

of which was to eliminate the County of Lackawanna as a party defendant. To the amended complaint, Luzerne County, the remaining defendant, filed preliminary objections interposing the following contentions: (1) equity was without jurisdiction of the subject matter inasmuch as jurisdiction of the claim for property damages was exclusively at law in a condemnation proceeding; (2) the action was outlawed by the statute of limitations; (3) the plaintiffs were barred by laches; and (4) the complaint was defective in failing to set forth the dates of the grievances averred therein. By opinion filed and order entered on September 22, 1955, the court dismissed the objections relative to the first three of the above-specified contentions but sustained the fourth and granted the plaintiffs twenty days within which to file an amended complaint. It is to be noted that no appeal was taken from this order rejecting the defendant's objection to equity's jurisdiction of the subject matter.

On the contrary, the plaintiffs filed a second amended complaint to which the defendant again lodged preliminary objections. These objections fell into three general headings, viz., (1) a motion to strike off the complaint for defects therein, (2) a petition raising questions of jurisdiction and (3) a petition raising the defense of misjoinder of causes of action. The jurisdictional questions were specifically limited, however, to the following contentions: (a) the court lacked jurisdiction over so much of the subject matter as involved real estate lying in and owned by the County of Lackawanna, (b) the court lacked jurisdiction over so much of the lands of the plaintiffs as were located within the County of Lackawanna and (c) the court lacked jurisdiction over so much of the subject matter as related to injury to the plaintiffs' property in Lackaawanna County from interference by surface waters

from property of Lackawanna County located within its borders.

All of the objections to the second amended complaint were dismissed by the court in an opinion and order filed on January 10, 1957; the defendant was allowed twenty days within which to plead over. Instead of filing a further pleading, the defendant, fourteen days after the entry of the second order, took the instant appeal, and now raises by its statement of questions involved the contentions that the plaintiffs' sole remedy is before a board of view, that equity lacks jurisdiction to decree destruction of the airport drainage system since the plaintiffs' remedy lies solely in an eminent domain proceeding, and that the court below did not have jurisdiction of the subject matter. It is at once evident that the appellant seeks, thus belatedly, to have reviewed under the Act of 1925 a jurisdictional question which was decided by the court below in an order entered more than a year before the order from which the instant appeal was taken and from which prior order no appeal was ever taken.

Even without the lower court's prior unappealed adjudication of the jurisdictional question, no question touching the jurisdiction of the court below over the cause of action was raised either prior to or at the time of the second opinion and order such as would have been appealable under the Act of 1925. The preliminary objections to the second amended complaint merely questioned the power of the court to decree, in certain particulars, the relief sought. Stated otherwise, the defendant, by its objections to the second amended complaint, did not question the court's jurisdiction of its person or assert failure by the plaintiffs to join an indispensable party or deny the jurisdiction of the court to determine matters of the general class in issue.

148

The question of jurisdiction of the cause of action which is appealable under the Act of 1925 is restricted "solely to the competency of the particular court to determine controversies of the general class to which the case then presented for its consideration belongs": *Skelton v. Lower Merion Township*, 298 Pa. 471, 473, 148 A. 846. See, e.g., *Witney v. Lebanon City*, 369 Pa. 308, 312, 85 A. 2d 106, and cases there cited in footnote 1. See, also, *Holmes Petition*, 383 Pa. 99, 102, 117 A. 2d 704; *Kelley v. Kelley*, 382 Pa. 537, 542, 115 A. 2d 202; *Gardner v. Allegheny County*, 382 Pa. 88, 94, 114 A. 2d 491; and *Strank v. Mercy Hospital of Johnstown*, 376 Pa. 305, 309, 102 A. 2d 170. The fact that the plaintiffs may not be entitled to redress or that the court ultimately may not be able to afford the relief sought is of no moment to the *in limine* determination of jurisdiction. See *Upholsterers' International Union of North America v. United Furniture Workers of America, C. I. O.*, 356 Pa. 469, 474, 52 A. 2d 217. Cf., also, *Strank v. Mercy Hospital of Johnstown*, supra, at p. 312. There is therefore no question of jurisdiction properly raised by this appeal.

Appeal quashed.