Trudie Carolyn **JOHNSON**, Lillian dePulme Arnold, individually and in her own right, Thomas E. Arnold, and Lillian dePulme Arnold, as Administratrix of the Estate of Cora E. Brosky, Plaintiffs,

v.

**ESSO STANDARD OIL COMPANY,**
Defendant.

Civ. A. 17457.

United States District Court
W. D. Pennsylvania.
Feb. 25, 1960.

---

Dale T. Lias, Pittsburgh, Pa., Livengood & Braucher, Somerset, Pa., for plaintiffs.

William Walker, of Dickie, McCamey, Chilcote & Robinson, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

This diversity action was brought by four plaintiffs to recover damages resulting from an automobile accident which plaintiffs allege occurred in Pennsylvania on November 24, 1956. The complaint was marked "Filed" by the Clerk of this Court on November 25, 1958.

Pursuant to Rule 56(b) (c), Fed. R.Civ.P., 28 U.S.C.A., defendant moved, for summary judgment and contends that the applicable two-year Pennsylvania Statute of Limitations bars the right of each plaintiff to recover.[1]

---

[1]. The Statute of Limitations provides as follows: "Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case where the injury does not result in death, must be brought within two years from the time when the injury was done and not afterwards; in cases where the injury does result in death the limitation of action shall remain as now established by law." Act of June 24, 1895, P.L. 236, § 2, 12 Pa.Purdon's Stat.Ann. § 34.

It is clear that the claims of two of the plaintiffs seeking damages for personal injuries must be brought within two years from the date of the injury, as must the claim of the plaintiff, Thomas Arnold, for damages arising out of injuries to his wife,[2] and the claim of the administratrix plaintiff brought under the Pennsylvania Survival Statute, 20 P.S. § 320.601 et seq.,[3] and Wrongful Death Act, 12 P.S. § 1601 et seq.[4]

Under the Pennsylvania Statutory Construction Act, 46 P.S. § 501 et seq.,[5] the last day for the plaintiffs to have brought their actions was November 24, 1958. Thus, defendant's motion for summary judgment should be granted unless the complaint of the plaintiffs was brought or commenced on November 24, 1958, instead of on November 25, 1958, when it was marked "Filed" by the Clerk.

After oral argument on the motion, the plaintiffs were given an opportunity to so prove. It was stipulated that depositions could be used by the court in determining the facts. Depositions of the Honorable James H. Wallace, Clerk of the District Court for the Western District of Pennsylvania, and Mr. Jacob Kramer, Office Staff Superintendent in the Division of Mails in the General Post Office, Pittsburgh, Pennsylvania, were subsequently taken and submitted and considered.

From the depositions and the exhibit referred to therein, the following facts appear: The Clerk of Court maintains a post office box for the receipt of incoming mail on the first floor of the New Post Office Building, which is the same building wherein the Clerk's office is located. Mail is picked up from that box by an employee of the Clerk's office twice daily, Monday through Friday, at about 8:15 a. m. and 1:00 p. m.; and, although one employee is on duty on Saturdays, the mail is not picked up then except in special cases.

It further appears that the complaint in suit was placed in a properly addressed envelope at Somerset, Pennsylvania, on November 21, 1958. The envelope was postmarked Somerset, Pennsylvania, November 21, at 4:00 p. m., and in the normal course of delivery would have arrived in the New Post Office Building in Pittsburgh at 10:45 p. m. that same day, which was a Friday. The envelope, referred to in the depositions as Exhibit "A" or Exhibit "1", had an additional postmark, which stated: Pittsburgh, Pa. 5, Nov. 24, 1958, 2:30 p. m. This latter postmark indicates that the envelope was, through some error, placed in the outgoing mail section of the Pittsburgh Main Post Office after it was received in Pittsburgh. Mr. Kramer testified that in the general course of delivery, mail reaching the outgoing mail section between 2:00 and 2:30 p. m. on November 24, 1958, would be placed in the box maintained by the Clerk before 5:00 p. m. on that same day. We find as a fact that the envelope in question was for the first time placed in the Clerk's post office box on November 24, 1958, after 2:30 p. m. and before 5:00 p. m., and that it was picked up by the Clerk's office the following day, November 25, 1958, at which time it was marked "Filed".

I think that the delivery of this complaint to the Clerk in his post office box on Monday, November 24, 1958, con-

---

2. Black v. Eastern Pennsylvania Rys. Co., 1917, 257 Pa. 273, 101 A. 644.

3. Stafford v. Roadway Transit Co., 3 Cir., 1948, 165 F.2d 920; Stegner v. Fenton, 1945, 351 Pa. 292, 40 A.2d 473.

4. Howard v. Bell Telephone Co. of Pennsylvania, 1932, 306 Pa. 518, 160 A. 613; Berry v. Franklin Plate Glass Corp., D.C.W.D.Pa.1946, 66 F.Supp. 863, affirmed 3 Cir., 1947, 161 F.2d 184.

5. "When any period of time is referred to in any law, such period in all cases * * * shall be so computed as to exclude the first and include the last day of such period. * * *" Act of May 28, 1937, P.L. 1019, art. III, § 38, 46 Pa. Purdon's Stat.Ann. § 538. See: Tellip v. Home Life Ins. Co., 1943, 152 Pa. Super. 147, 31 A.2d 364, citing Gibson v. Pittsburgh Transp. Co., 1933, 311 Pa. 312, 166 A. 842.

stituted a filing of the complaint and commencement of plaintiffs' action on that day, which was prior to the expiration of the two-year period prescribed by the Statute of Limitations.

Although not cited by either side, Johansson v. Towson, D.C.Ga.1959, 177 F.Supp. 729, is a strikingly analogous case. In arriving at my conclusion, I rely on and agree with the reasoning employed by Judge Bootle in the Johansson case and the authorities cited therein, especially the case of Central Paper Co. v. Commissioner of Internal Revenue, 6 Cir., 1952, 199 F.2d 902.

Accordingly, an appropriate order will be entered denying the defendant's motion.