## Schwartz v. Schwartz, Appellant.

Argued November 9, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*William Benner Farran,* for appellant.

*Leonard M. Sagot,* with him *Ettinger, Poserina, Silverman & Sagot,* for appellee.

OPINION BY MR. JUSTICE JONES, January 4, 1966:

This is an appeal from a decree of the Court of Common Pleas No. 1 of Philadelphia County, which pre-

liminarily restrained one defendant from withdrawing or using, until final hearing, any funds on deposit with the other defendant, the Grand Union Savings and Loan Association (Association).

Barbara Eve Schwartz filed this equity action against her mother, Bertha Schwartz, and the Association, seeking to establish her title to and ownership of a certain savings account held by the Association and entitled "Bertha Schwartz in trust for Barbara Schwartz."

At the hearing on the rule for a preliminary injunction, the sole testimony was that of Barbara Eve Schwartz who testified: that in 1948, when she was then six years of age, her mother, Bertha Schwartz, took her to the Association's place of business and her mother deposited $22 in an account, stating that she was opening a savings account for her; that various sums which were received by her from relatives on her birthdays, holidays and at graduation time were the source of other deposits; that, on one occasion, she deposited the sum of $1,000 in this account which money she had received from her grandmother; that she had accumulated savings of $900 which she had deposited in an account in the Philadelphia Savings Fund Society, and she transferred the moneys in that account to the account in question; that the only withdrawal was in the amount of $2,300 which she had loaned to her mother for use in the latter's business, a sum later repaid in installments with interest.

Counsel for Bertha Schwartz contends that Barbara Eve Schwartz has shown merely a revocable trust which belongs to the mother until her death and that the Orphans' Court has *exclusive* jurisdiction to determine the respective rights of the parties in the fund represented by the savings account. By suggestion filed pursuant to Pa. R. C. P. 1032(2), Bertha Schwartz questions the jurisdiction of the common pleas court in this

equity action. In three separate rulings the court below held that equity does have jurisdiction over the subject matter, the last of such rulings being made on February 1, 1965. On March 31, 1965—58 days after the final ruling was made—Bertha Schwartz filed the present appeal.

This appeal, which has been taken under the Act of March 5, 1925, P. L. 23, 12 P.S. §672, to obtain review of the lower court's decision that jurisdiction was not lacking as to this subject matter, must be quashed as having been taken out of time. For this reason, we need not pass on the merits of the contention that jurisdiction lies exclusively in the Orphans' Court.

The Act of 1925, supra, expressly provides that "The appeal here provided for must be taken and perfected within fifteen days from the date when the decision is rendered." As we said in *Pennsylvania Coal Company v. Luzerne County*, 390 Pa. 143, 145, 134 A. 2d 657: "This requirement is mandatory and admits of no exceptions: Thomas v. McLean, 365 Pa. 526, 528, 76 A. 2d 413; Jones, Admrx. v. Unguriet, 364 Pa. 200, 202, 71 A. 2d 249 . . ." "Nor is there any way by which the statutorily prescribed period for appeal may be judicially extended or obviated.": *Jones v. Unguriet,* supra (364 Pa. at 202).

In the case at bar, the record clearly shows that the appeal was taken and perfected more than fifteen days —in fact, fifty-eight days—after the decree appealed from had been entered. The appeal is, therefore, quashed.

Appeal quashed. Appellant to pay costs.