## Stewart v. Masson

*Oran W. Panner,* for plaintiff.

*John H. Cartwright, Jr.* and *John J. Hudacsek, Jr.,* for defendant.

SCALERA, P. J., February 10, 1966.—The above-entitled action, the amount in controversy being less than $2,000, was referred to and decided by a board of arbitrators. On June 26, 1964, the board made an award in favor of plaintiff and against defendant in the sum of $1,080. On July 14, 1964, defendant filed an appeal, paid the costs which had accrued and filed the requisite affidavit. Defendant failed, however, to file a recognizance. On November 2, 1964, plaintiff filed a petition for rule to show cause why defendant's appeal should not be dismissed for failure to file the recognizance required as a part of the appeal procedure. The rule issued, returnable November 18, 1964. On November 17, 1964, defendant filed an answer to said rule and a recognizance. The matter is now before the court for disposition on the petition, rule and answer.

The Act of June 16, 1836, P. L. 715, sec. 27, as amended, 5 PS § 71, subparagraph IV, provides:

"Such appeal shall be entered, and the costs paid, and recognizance filed, within twenty days after the day of the entry of the award of the arbitrators on the docket".

As above indicated, it was not until approximately six months after the entry of the award that the recognizance was filed, and this only after the rule had issued, and without prior court permission. The only reason given for the failure to file the recognizance is stated in paragraph 5 of the answer to the petition to the rule to show cause, and reads as follows:

"5. The defendant admits that he failed to file a recognizance bond, but such failure was not intentional, merely being an oversight on the part of the defendant's attorney . . . ."

In Elfenbein v. Schilberz, 17 D. & C. 2d 113 (C. P. Erie, 1957), the arbitration award was entered on October 23, 1957. Defendants attempted to enter an appeal on November 12, 1957, but failed to file the required bond until November 19, 1957. Plaintiffs then filed a motion to strike off the appeal for failure to file the bond within the 20-day period. Defendant argued that the provision for recognizance was a mere ministerial requirement, and that the entry of a bond at any time prior to the trial of the appeal afforded adequate protection to the successful litigant before the arbitrators. The court, by Judge Laub, stated, at pages 113-14:

"Whatever construction is placed upon the statute, and whatever its purpose, we consider we have no authority to permit the entry of a bond at a period subsequent to the 20-day period mentioned above. The language of the act clearly implies that three things must be done in order to have a perfected appeal, all three of which must occur prior to the lapse of the statutory period . . . .

"As a general rule, where a statute fixes a time within which an act must be done, as for example an appeal taken, courts have no power to extend it, or to allow the act to be done at a later day, as a matter of indulgence. Something more than mere hardship is neces-

sary to justify an extension of time or its equivalent, an allowance of the act nunc pro tunc: Schrenkeisen v. Kishbaugh, 162 Pa. 45, 48. The commands of a statute cannot be waived or dispensed with by a court. They require implicit obedience as well from the court as from its suitors. Courts have no dispensing power, even in matters of practice, when the legislature has spoken. A judge can no more enlarge a time fixed by statute than he can legislate in any other matter: Wise v. Cambridge Springs Borough, 262 Pa. 139, 143-44. Had there been fraud or its equivalent, or the prevention of the appeal by the wrongful or negligent act of a court official, the result might be different: Zeigler's Petition, 207 Pa. 131. No such circumstances appear here".

As Judge Laub points out in this well-reasoned opinion, where a statute fixes a time within which an act must be done, courts have no power to extend the time as a matter of indulgence. The only acceptable reasons for granting an extension of time mentioned in the above opinion would be fraud or the prevention of the appeal by the wrongful or negligent act of a court official. In the case at bar, the excuse offered for failure to file the recognizance is an "oversight on the part of defendant's attorney".

It has long since been held in this Commonwealth that the inadvertence or the negligence of counsel is not sufficient cause to abrogate prescribed time limits: Shimer v. Jacoby, 30 Northamp. 326, and cases cited therein. As was said by the court in the Shimer case, at page 331:

"Were we to hold that inadvertence of counsel is sufficient cause for extension of time, all time limits prescribed by Pennsylvania Rules of Civil Procedure would be rendered meaningless in that any delay on the part of the negligent party or his counsel could be excused by an averment of inadvertence. The excuse

of inadvertence cannot be raised to the dignity of a cause without abrogating prescribed time limits and permitting parties to respond in court at their convenience".

In Moratis v. Sokac, 20 Beaver 116 (1958), appellant failed both to pay the accrued costs and to file the required bond on appeal from an arbitration award. In holding that the appeal should be dismissed, the court, by the late Judge McCreary, stated, at pages 121-22:

"We know of no reason for relaxing the mandatory rules, regulations and restrictions for perfecting appeals in compulsory arbitration cases, under the Act of 1836, supra, as amended, that would not be just as cogent for watering down the rules laid down by statute for perfecting appeals from judgments of aldermen and justices of the peace. In the latter case the Courts have held that these rules, regulations and restrictions are mandatory. A fortiori they are mandatory for perfecting appeals in compulsory arbitration cases".

In the Moratis case, the court, at page 119, quotes from the opinion of former Chief Justice Stern in the Smith Case, 381 Pa. 223, 231, where it was held:

"There can be no valid objection, therefore, to the provisions of the Act of 1836, unchanged by the Act of 1952, regarding the payment of the accrued costs and the giving of a recognizance for the payment of the costs to accrue in the appellate proceedings as the condition for the allowance of an appeal from the award of the arbitrators".

It is also the law, as we understand it, that when a statute fixes a time within which an act, in legal proceedings, must be done, courts have no power to extend the time or to allow the act to be done at a later day, as a matter of indulgence: 1 Standard Pa. Prac. §23, and cases cited, p. 20; Schwartz v. Schwartz, 419 Pa. 559 (1966).

We are of the opinion, and therefore hold, that the oversight of defendant's counsel in failing to comply with the requirements of the act is not sufficient reason for permitting the filing of the recognizance nunc pro tunc.

### ORDER

Now, to wit, February 10, 1966, the rule heretofore issued in the above-entitled case is made absolute, and it is ordered that the appeal be dismissed at the cost of defendant, no appeal having been perfected by defendant.