Sgarlat Estate.

Argued April 26, 1966. Before Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

*Neville B. Shea,* for appellants.

*Harry Hiscox,* with him *Rosenn, Jenkins & Greenwald,* for appellee.

Opinion by Mr. Justice Musmanno, June 24, 1966:

James F. Sgarlat and John Stuart Marks died as the result of an automobile accident on January 9, 1964 when the car in which they were riding (driven by Sgarlat) left the road and struck a culvert. Charles A. Sgarlat and Stella Sgarlat Blaski, named executors in the Will of James F. Sgarlat, duly received their letters testamentary on February 4, 1964. Stuart P. Marks was named administrator of the estate of the deceased John Stuart Marks.

On December 22, 1964, Stuart P. Marks, as administrator of the estate of John Stuart Marks, filed a praecipe for summons in trespass against the executors of the Sgarlat estate.

On June 21, 1965, he filed his complaint against the executors alleging negligence of the deceased Sgarlat and claiming damages in excess of $20,000 on two causes of action: wrongful death and survival. That litigation is still pending.

On June 28, 1965, Stuart Marks filed with the Register of Wills of Luzerne County in Sgarlat's Estate, notice, serving copy thereof on the executors, of his unliquidated claims and pending action in the common pleas court of that county, and objecting therein to any distribution of assets of the estate. Despite this notice, the Sgarlat's executors on July 29, 1965 distributed $15,883.24 from the estate funds to beneficiaries without prior court approval, leaving $419.05 of assets in the estate. These distributions were shown in the first and final account filed by the executors. At the audit of the account, Stuart Marks appeared and objected to the granting of any credit to the executors for the distributions made, requesting, in addition, that the court determine the executors to be personally liable to the Marks Estate to the extent of the distributions for the amount of any judgment which might ultimately be rendered in favor of the Marks' administrator in the trespass action.

The Sgarlat executors resisted this demand, arguing that the orphans' court had no jurisdiction over the administrator's claim, that the administrator had no right to appear before the court at the audit on an unliquidated trespass claim pending in another court; and that, in any event, it was too late for the administrator to make his claim.

The orphans' court ruled the personal representatives to be personally liable for risk distributions made by them after they received notice of a creditor's claim

prior to the distribution, to the extent of the risk distributions, and entered an adjudication and decree deferring determination of the propriety of the distributions made by the executors awaiting the result of the trespass case now pending in the common pleas court.

The executors have appealed, contending that since the Orphans' Court has no jurisdiction in the trespass action it can afford no relief to the trespass plaintiff until he has proved to the satisfaction of the court that he has a reasonable chance of recovery on his tort claim. The executors further contend that if the administrator had wished to prevent a distribution after the lapse of one year from the first complete advertisement of letters he should have done more than serve his complaint upon the executors; he should have petitioned the orphans' court for determination as to the substance of his claim and have the court determine whether it would be equitable to withhold distribution pending the outcome of the trespass case. The executors also complain that the reissued summons in the trespass case should have been served on the executor more promptly than 17 months after the death of the decedent.

It is unnecessary to pass judgment on these various contentions since, in the present state of the record, the appeal to this Court is obviously premature. The court below by its order merely "deferred determination of the propriety of certain risk distributions made by the executors of said estate to which objections had been filed pending the outcome of litigation in the Court of Common Pleas of Luzerne County." The personal liability of the executors of Sgarlat has not yet been determined and until a definitive order with regard thereto is entered, an appeal from an order merely deferring a determination of liability is untimely.

Appeal quashed.

Costs on the Sgarlat estate.