Colonial Pipeline Company of Pennsylvania *v.* Peery et al., Appellants.

Argued January 17, 1969. Before BELL, C. J.,
JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY,
JJ.

*David F. Binder,* with him *Fred T. Cadmus, III,*
and *Bennett, Bricklin & Saltzburg,* for appellants.

*M. Carton Dittmann, Jr.,* with him *Peter Platten,
Robert S. Gawthrop, Jr., Jack Vickrey, Howard D.
McCloud,* and *Ballard, Spahr, Andrews & Ingersoll,*
and *Gawthrop & Greenwood,* for appellee.

OPINION BY MR. JUSTICE EAGEN, April 23, 1969:

Colonial Pipeline Company of Pennsylvania (Co-
lonial) is a wholly owned subsidiary of the Colonial
Pipeline Company. In November 1962, the Pennsyl-
vania Public Utility Commission granted to Colonial
a Certificate of Public Convenience authorizing Colo-
nial to acquire rights of way across tracts of land lo-
cated in Chester County so that it might extend its

pipelines into Pennsylvania. Colonial, after unsuccessfully negotiating with the appellants in an attempt to acquire rights of way over their land, tendered to the appellants condemnation bonds which were refused. Thereafter the Common Pleas Court of Chester County, upon Colonial's petition, approved the bonds;[1] the appellants did not, at that time, file exceptions to Colonial's petition, nor did they contest Colonial's right to exercise powers of eminent domain.

After the bonds were approved, the pipeline was, in 1964, constructed across the appellants' land, and has remained in operation ever since.[2]

When in November of 1967, the appellants had still not petitioned the court to appoint a Jury of View to assess damages resulting from Colonial's appropriation of the rights of way; and when, at that time, the appellants had not yet contested the exercise of the right of eminent domain in the condemnation proceedings;—then Colonial petitioned the Common Pleas Court of Chester County to appoint a Jury of View. This the court did. The appellants then petitioned the court to revoke the appointment of the Jury of View on the ground that Colonial was not authorized by law to exercise the right of eminent domain over the land.

In orders dated September 5, 1968, and September 6, 1968, the court refused the appellants' motions. From those orders, these appeals are taken.

---

[1] The Peery bond was approved by the lower court on August 19, 1963, and the Lang bond was approved on September 16, 1963.

[2] In November 1963, the Common Pleas Court of Chester County granted Colonial's request for a preliminary injunction restraining the appellant Lang from physically interfering with the construction of the pipeline which was then in progress. In the course of that proceeding, the Langs raised by cross-complaint the issue of Colonial's right of eminent domain. The court decided that Colonial had the right of eminent domain. The appellants did not appeal from that decision.

Colonial has presented motions to quash the appeals. It argues, inter alia, that the orders are interlocutory, and not appealable. The appellants, in their Statement of Jurisdiction, contend that this court has jurisdiction to hear the appeals pursuant to the Act of March 5, 1925, P. L. 23, 12 P.S. §672, which provides for appeal to the Supreme Court from decisions on jurisdictional questions.

The appellants take the position that the recent decision of this Court in the *McConnell Appeal,* 428 Pa. 270, 236 A. 2d 796 (1968), logically requires that all questions concerning the right of a condemnor to exercise the power of eminent domain be raised in the condemnation proceeding, prior to any determination of damages, and not by a separate action. At the time they motioned the lower court to set aside the appointment of a Jury of View, the appellants had already started a suit in equity challenging the right of Colonial to exercise powers of eminent domain. The lower court concluded that equity was a proper forum to resolve the question, and indicated that it would, upon the appellants' motion, stay the condemnation proceeding then before it until equity had decided the eminent domain question.

Colonial argues that the lower court never really said that it lacked jurisdiction to decide the question of Colonial's right to exercise powers of eminent domain, but only decided that equity could handle the dispute, and that the *procedure* by which the appellants challenged Colonial's right, to wit, by a petition to revoke the appointment of a Jury of View, was without warrant in law.

We need not decide whether the lower court decided a jurisdictional question, because even if it did, the appeals must be quashed. Section 3 of the 1925 act provides as follows: *Time for Appeal* "The appeal here

provided for must be taken and perfected within fifteen days from the date when the decision is rendered;" (Act of March 5, 1925, P. L. 23, §3, 12 P.S. 674) here, the decisions were rendered and the orders were filed on September 5, 1968, and on September 6, 1968. The appeals from those orders, however, were not filed in this Court until October 4, 1968, a time more than fifteen days after the decisions were rendered in the lower court. Hence, this Court lacks jurisdiction.

The provisions of the 1925 act limiting the time for appealing interlocutory orders on jurisdictional questions are mandatory, and leave this Court no room to exercise discretionary powers. This case is controlled by *Reynolds Metal Co. v. Berger*, 423 Pa. 360, 223 A. 2d 855 (1966), where we said: "Although this appeal was not taken pursuant to the Act of March 5, 1925, P. L. 23, §1, 12 P.S. §672, which provides that a decision regarding a question of jurisdiction over the cause of action may be appealed to the appropriate appellate court, that Act might have provided a proper basis of appeal. However, we are precluded from considering this appeal as having been pursued under that Act and make no determination of its applicability because §3 thereof (12 P.S. §674) requires that the appeal be taken within fifteen days of the date the decision is rendered, and that requirement is mandatory in all cases. Schwartz v. Schwartz, 419 Pa. 559, 215 A. 2d 614 (1966); Pennsylvania Coal Company v. Luzerne County, 390 Pa. 143, 134 A. 2d 657 (1957). The docket entries disclose that the present appeal was filed on April 7, 1966, from an order entered March 18, 1966. Since the appeal is not timely under the 1925 statute and since there appears no other statutory authority to support it, it must be quashed."[3]

---

[3] The orders appealed from are purely interlocutory in nature and not "final" orders contemplated by either §517 or §523 of the

Appeals quashed.

Mr. Justice ROBERTS concurs in the result.

Eminent Domain Code, Act of June 22, 1964, P. L. 84, 26 P.S. §1-101 et seq. See *Miller Estate v. Department of Highways*, 424 Pa. 477, 227 A. 2d 679 (1967).