Malis *v.* Lieberman et al., Appellants.

Argued April 21, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Morris L. Rush*, with him *Irving L. Mazer*, for appellants.

*Richard B. Malis*, for appellees.

OPINION BY MR. CHIEF JUSTICE BELL, July 2, 1970:

Appellants filed preliminary objections to appellees' complaint in Equity, which were dismissed by the lower Court.

This appeal has been taken under the Act of March 5, 1925, P. L. 23, 12 P.S. §672, challenging the lower Court's jurisdiction of the subject matter. The appeal must be quashed as having been taken too late.

The Act of 1925, supra, Section 3, provides: "The appeal here provided for must be *taken and perfected** within fifteen days from the date when the decision is rendered; . . ." This requirement is mandatory in all cases and admits of no exceptions. *Colonial Pipeline*

---

* Italics throughout, ours.

*Co. v. Peery,* 434 Pa. 244, 252 A. 2d 697; *Scientific Living, Inc. v. Hohensee,* 427 Pa. 320, 235 A. 2d 393; *Reynolds Metals Co. v. Berger,* 423 Pa. 360, 223 A. 2d 855; *Schwartz v. Schwartz,* 419 Pa. 559, 215 A. 2d 614; *Pennsylvania Coal Co. v. Luzerne County,* 390 Pa. 143, 134 A. 2d 657 (citing six Pennsylvania Supreme Court cases).

The docket entries in the instant case show that the lower Court's Order dismissing appellants' preliminary objections was rendered and docketed January 8, 1970, and that certiorari from the Supreme Court was docketed January 30, 1970. In *Burdett Oxygen Co. v. I. R. Wolfe & Sons, Inc.,* 433 Pa. 291, 249 A. 2d 299, this Court said (page 293): "Although as appellant points out, different considerations might apply to a decision announced in open Court in the presence of the parties, where as here, the decision is announced by written order, *the date upon which the order is docketed should be the starting date* for the fifteen day period established in §3 [of the Act of March 5, 1925]." See *Colonial Pipeline Co. v. Peery,* 434 Pa., supra; *Reynolds Metals Co. v. Berger,* 423 Pa., supra.* Since the time for taking appeals is computed by excluding the first day and including the last day of the prescribed period, January 23, 1970 was the last day in which this appeal could have been filed and perfected. We note that when the *last day* falls on a Saturday or a Sunday or any legal holiday, such day is omitted from the computation. Act of June 20, 1883, P. L. 136, Section 1, as amended by the Act of August 11, 1959, P. L. 692, Section 1, 76 P.S. §172.

The *perfection* of an appeal requires, inter alia, that a writ of certiorari be issued by the Prothonotary of the Appellate Court, directed to the inferior Court, and

---

* Our prior cases by implication make the word "rendered" synonymous with "docketed" in Court decisions which are announced by written Order.

that said writ be filed in the lower Court by the appellant. *Fenerty Disbarment Case*, 356 Pa. 614, 52 A. 2d 576, cert. denied, 332 U.S. 773.

Appellants contend that notice of the entry of the lower Court's Order was not received by appellants or their counsel until January 14, 1970, and that publication of the entry of the Order did not appear in the Legal Intelligencer of Philadelphia County until January 14. Neither of these dates is the determining date for the commencement of the appeal period.

The docket entry shows, we repeat, that the appellants did not file the writ of certiorari in the lower Court until January 30, 1970, and since the last date for said filing was January 23, the appeal must be quashed.

Appeal quashed; each party to pay own costs.

Mr. Justice EAGEN and Mr. Justice ROBERTS concur in the result.